UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TASHECA S. SHOWERS o/b/o
LENIRIO V. BOONE,

    Plaintiff,

v.                                             Case No.: 8:04-CV-1192-T-MAP

JO ANNE B. BARNHART,
Commissioner of
Social Security,

    Defendant.
_____/

**ORDER**

    Pursuant to 42 U.S.C. § 1383(c)(3), the Plaintiff, on behalf of Lenirio V. Boone, her minor son, seeks judicial review of the Commissioner's decision denying her claim for Child's Supplemental Security Income ("Child's SSI") benefits. She argues the Administrative Law Judge ("ALJ") erred by 1) failing to consider the substantial evidence of record; 2) failing to fully and adequately develop the record; and 3) failing to give full and proper weight and credit to the testimony of Plaintiff's mother. Having considered the record and the arguments made, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

    *A. Background*

    Lenirio V. Boone, born on August 18, 2001, and two years old at the administrative hearing, suffers from chronic asthma, a umbilical hernia, and speech delay. The Plaintiff filed an application for Child's SSI on him behalf on June 19, 2002, alleging Lenirio's disability began at birth. The ALJ found Lenirio did not satisfy the disability standard for Child's SSI and was not

disabled.[1]  Plaintiff has timely pursued and exhausted her administrative remedies and the case is now ripe for judicial review.

   *B. Standard of Review*

In reviewing the ALJ's findings, this court must ask if substantial evidence supports them. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994). The court may not re-weigh the evidence nor substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton,* 21 F.3d at 1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

There are three sequential steps used in evaluating disability of an individual who has not attained age eighteen. 20 C.F.R. § 416.924. First, the ALJ must determine if the child is undertaking substantial gainful activity. If the child is engaged in substantial gainful activity, she will not be found disabled. If the child is not performing substantial gainful activity, then at step two the ALJ considers the child's physical and mental impairments to determine if there is a severe impairment. A severe impairment is one that causes more than minimal functional limitations. If the ALJ finds a severe impairment, step three requires a review of the evidence to determine whether

---

[1] The ALJ accurately reports Lenirio's medical history and I adopt that portion of her decision for purposes of this order. (R. 13-19).

the child has an impairment that (1) meets or medically equals in severity the criteria for an impairment listed in the Listing of Impairments in Appendix 1 of Subpart P, 20 C.F.R. Part 404, or (2) functionally equals in severity any impairment listed under the Listing. A child's functional limitations are evaluated in six broad functional areas, called domains: 1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being. *See* 20 C.F.R. § 416.926a(b)(1). If a child has marked limitations in two domains or an extreme limitation in one domain, the child's impairment(s) is functionally equivalent to a listed impairment. *See* 20 C.F.R. § 416.926a(d). If the child has any such impairment(s) described above, and it meets the duration requirements, the child will be found disabled.

*C. Discussion*

*1. ALJ properly considered record evidence*

Plaintiff asserts her son meets the requirements for Listing 103.03(C). This Listing establishes asthma as a disability when the claimant suffers:

> C. Persistent low-grade wheezing between acute attacks or absence of extended symptom free periods requiring daytime and nocturnal use of sympathomimetic bronchodilators with one of the following: 1. Persistent prolonged expiration with radiographic or other hyperinflation or peribronchial disease; or 2. Short courses of corticosteroids that average more than 5 days per month for at least 3 months during a 12-month period.

20 C.F.R. pt. 404, subpt. P. Appendix 1 § 103.03. Upon reviewing the medical evidence, the ALJ found infrequent asthma exacerbations and only one asthma-related emergency room visit on September 30, 2001, that revealed no shortness of breath, clear lungs and a 100% pulse oximetry

reading. The ALJ noted that Dr. Albanna's notes showed clear lungs and no indication of wheezing on eight occasions. On five occasions, Dr. Albanna noted mild wheezing. Accordingly, the ALJ's finding that Lenirio did not have persistent low grade wheezing between attacks or the absence of extended symptom-free periods and failed to satisfy the Listing for asthma is correct. Furthermore, Plaintiff's assertion that her son satisfied the Listing's requirement that he took steroids an average of more than 5 days per month for at least 3 months during a 12-month period is moot since he failed to satisfy the first part of the Listing. In any event, however, after reviewing the medical records, I agree with the ALJ's conclusion that Plaintiff's use of steroids – one single dose of Decadron on September 20, 2000, and four five-day courses of Orapred on October 18, 2002, September 24, 2003, and October 24, 2003 – fails to satisfy Listing 103.03(C)(2).[2]

### 2. *ALJ fully and fairly developed the record*

Plaintiff contends the ALJ failed to take steps such as re-contacting Dr. Albanna or requesting Plaintiff's counsel to do so to clarify any confusion concerning whether her son satisfied Listing 103.03(C)(2). Although I agree that the regulations require the Commissioner to re-contact a medical source to clarify evidence when the physician's report contains a conflict or ambiguity, does not include all necessary information, or is not based upon acceptable clinical and laboratory findings. In this case, however, Dr. Albanna's medical records were unambiguous and re-contacting him was not necessary.

### 3. *ALJ gave proper weight to Plaintiff's mother's testimony*

Plaintiff asserts the ALJ improperly discounted his mother's testimony. In response, the

---

[2] The Commissioner correctly noted that Pulmicort is a preventive maintenance medicine used on a daily basis even during symptom-free periods to prevent asthma attacks, not a short-course steroid.

Commissioner notes the ALJ found Plaintiff's mother's testimony credible to the extent that it was supported by substantial medical evidence. The objective medical evidence, discussed above, shows Plaintiff needed steroid treatment only five times and experienced extended symptom-free periods in between treatments. In contrast, Ms. Showers testified her son wheezes "all the time" (R. 196). She did concede that her son had not required emergency room care since May 2002, over two years prior to the administrative hearing. Accordingly, the ALJ found Ms. Showers' testimony credible only to the extent it was supported by the evidence of record (R. 19). I find the ALJ's credibility determination supported by substantial evidence.

*D. Conclusion*

For the reasons stated above, it is ORDERED:

1. Plaintiff's complaint is dismissed.

2. The Clerk of Court is directed to enter judgment for the Commissioner and close the case.

IT IS SO ORDERED at Tampa, Florida on July 13, 2005.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE